UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASCENTIUM CAPITAL, LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GURMINDER SINGH; JASWINDER BHANGOO; BLUJAY TRANSPORT INC., a California corporation,<br><br>Defendants. | 1:16-cv-00356 LJO JLT<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S APPLICATION FOR WRIT OF POSSESSION (Doc. 6)** |

## I. INTRODUCTION

Plaintiff Ascentium Capital, LLC, a Delaware company with a principal place of business in Kingwood, Texas, filed for Writ of Possession on March 23, 2016. Pl.'s Appl. for Writ of Possession, Doc. 6 ("Writ Appl."). A hearing was held on May 5, 2016 before the Honorable Dale A. Drozd, United States District Judge. Attorney Andrew Alper appeared on behalf of Plaintiff. Defendants did not appear.

## II. FACTUAL AND PROCEDURAL HISTORY

This is an action to recover monies loaned by Plaintiff to Defendant Gurminder Singh ("Singh") for the purchase of a total of six utility trailers pursuant to the terms of three Equipment Finance Agreements ("EFAs") executed on or about July 1, September 1, and November 1 of 2014. Compl.

1

Doc. 2, ¶¶ 10, 22, 34.

According to the Complaint, and to a copy of EFA 2136965 attached to it, Plaintiff and Singh agreed that Singh would make a total of 66 payments over a period of sixty months as loan for the purchase of the first two trailers. *Id.*; EFA 2136965, Doc. 2, Ex. 1, at Ct. R. 13. These same documents provide that Singh was to make one payment of $3,793.00, followed by three payments of $99.00, followed by 66 payments of $1757.01- for a total of 70 payments. *Id.* Neither document describes the total amount of the loan. Thus, the terms of this particular loan are not entirely clear. However, an attachment to the EFA provides that Singh paid $75,866.00 for these two trailers. Doc. 2, Ex. 1 at Ct. R. 15. Moreover, an internal spreadsheet provided by Plaintiff stated that the sum of scheduled payments amounted to $102, 482.86. Doc. 6-3, Ex. 11, at Ct. R. 52.[1]

The terms of the second EFA ("EFA 2138127") are clearer. Under this agreement, Singh was to make 60 monthly payments to Plaintiff. Compl. ¶ 22; EFA 2138127, Doc. 2, Ex. 4, at Ct. R. 22. The first three of these payments was to be for $99.00. *Id.* The next 57 payments were to be for $1,857.52. *Id.* An attachment to EFA 2138127 provides that Singh paid $75, 868.00 for the trailers. Doc. 2, Ex. 4 at Ct. R. 24. An internal spreadsheet provided by Plaintiff stated that the sum of scheduled payments amounted to $106, 175.64. Doc. 6-3, Ex. 12, at Ct. R. 55.

The terms of the third EFA ("EFA 2140512") are similar to those of the second. Under this agreement, Singh was to make 60 monthly payments to Plaintiff. Compl. ¶ 34; EFA 2140512, Doc. 2, Ex. 7, at Ct. R. 31. The first three of these payments was to be for $99.00. *Id.* The next 57 payments were to be for $1,866.21. *Id.* An attachment to EFA 2140512 provides that Singh paid $76,268.00 for these trucks. Doc. 2, Ex. 7 at Ct. R. 32. An internal spreadsheet provided by Plaintiff stated that the sum of scheduled payments amounted to $106, 670.97. Doc. 6-3, Ex. 13, at Ct. R. 58.

---

[1] According to the Court's calculations, the monthly payments add up to this amount if Singh was to make 56 monthly payments of $1757.01, in addition to the single payment of $3793.00 and the three payments of $99.00.

2

On or about May 15, 2015 Defendant Blujay Transport Inc. ("Blujay"), a California corporation, entered into an assignment agreement with Singh and Plaintiff, wherein Blujay assumed all obligations under all three EFAs. Compl. ¶¶ 11, 23, 35; Assignment and Assumption 2136965 ("A & A 2136965"), Doc. 2, Ex. 2 at Ct. R. 17; Assignment and Assumption 2138127 ("A & A 2138127"), Doc. 2, Ex. 5 at Ct. R. 26; Assignment and Assumption 2138127 ("A & A 2140512"), Doc. 2, Ex. 8 at Ct. R. 34. Plaintiff alleges that Defendant Jaswinder Bhangoo, a California resident, "was, and still may be" the president of Blujay. Compl. ¶ 4. Plaintiff further alleges Singh and Blujay have failed to make monthly payments, for the period of time beginning in July of 2015 and continuing through the present for either loan. *Id.* ¶¶ 13, 25. Plaintiff therefore seeks to recover the outstanding balance of the loan, which it values at $84,336.48 for EFA 2136965, for $94,733.52 for EFA 2138127, and for $94,733.52 for EFA 2140512. *Id.* ¶¶ 18, 25, 37. Plaintiff also seeks imposition of late fees "in at least the sum[s]" of $1,581.30 for EFA 2136965, of $1,671.75 for EFA 2138127, and of $1,679.58 for EFA 2140512. *Id.* ¶¶ 19, 26, 38.

Plaintiff filed this action on March 15, 2016 alleging that Defendants are liable for breach of contract, breach of guaranty, and for conversion. *Id.* ¶¶ 13, 17, 25, 29, 37, 41, 50. Plaintiff also included a cause of action for claim and delivery. Compl. ¶¶ 45-47. Plaintiff applied for a writ of possession on March 23, 2016. Writ Appl. Plaintiff contends that one of Defendants has possession of the trailers at either one of two properties located in Kern County, California. *Id.* at ¶ 2. Plaintiff states that Defendants have not responded to their demands to relinquish the trailers. Compl. ¶ 47.

Plaintiff has filed proofs of service attesting to the fact that all three defendants were personally served on April 1, 2016. Docs. 10, 11 & 12. Nonetheless, defendants have not appeared in this action and did not appear at the hearing on this motion despite having been served with notice.

/////
/////
/////

## III. STANDARD OF DECISION

Federal Rule of Civil Procedure 64 states, in pertinent part:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

Fed. R. Civ. P. 64(a); *see also 4Wall Las Vegas, Inc. v. Triebwasser*, No. 2:12-CV-2746-KJN, 2013 WL 930620, at *3 (E.D. Cal. Mar. 8, 2013). California law provides for the return of property to creditors via a writ of possession. Cal. Civ. Proc. Code § 512.010(a) ("Upon the filing of the complaint or at any time thereafter, the plaintiff may apply pursuant to this chapter for a writ of possession by filing a written application for the writ with the court in which the action is brought"). The application must include:

> (1) A showing of the basis of the plaintiff's claim and that the plaintiff is entitled to possession of the property claimed. If the basis of the plaintiff's claim is a written instrument, a copy of the instrument shall be attached.
>
> (2) A showing that the property is wrongfully detained by the defendant, of the manner in which the defendant came into possession of the property, and, according to the best knowledge, information, and belief of the plaintiff, of the reason for the detention.
>
> (3) A particular description of the property and a statement of its value.
>
> (4) A statement, according to the best knowledge, information, and belief of the plaintiff, of the location of the property and, if the property, or some part of it, is within a private place which may have to be entered to take possession, a showing that there is probable cause to believe that such property is located there.
>
> (5) A statement that the property has not been taken for a tax, assessment, or fine, pursuant to a statute; or seized under an execution against the property of the plaintiff; or, if so seized, that it is by statute exempt from such seizure.

Cal. Civ. Proc. Code § 512.010(b).

/////

/////

California Civil Procedure Code § 512.060 provides that:

> (a) At the hearing, a writ of possession shall issue if both of the following are found:
>
> > (1) The plaintiff has established the probable validity of the plaintiff's claim to possession of the property.
> >
> > (2) The undertaking requirements of Section 515.010 are satisfied.
>
> (b) No writ directing the levying officer to enter a private place to take possession of any property shall be issued unless the plaintiff has established that there is probable cause to believe that the property is located there.

"A claim has 'probable validity' where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." Cal. Civ. Proc. Code § 511.090.

## IV. ANALYSIS

### A. Requirements under Cal. Civ. Proc. Code § 512.010

#### 1. Basis of Plaintiff's Claim

Plaintiff's claims are laid out in the Complaint filed with this Court and its Writ Application. In support of these claims, Plaintiff submits the sworn declaration of its Senior Vice President and Asset Manager, Jerry Noon. Decl. of Jerry Noon ("Noon Decl."), Doc. 6-3. Noon testified that he is personally familiar with the loans at issue in this case and that the factual details described above are accurate. *Id.* ¶¶ 3-4, 6-23.

#### 2. Showing That Property is Wrongfully Detained

Noon's declaration as well as other documentation filed in support of Plaintiff's application show that Plaintiff and Defendants entered into several agreements whereby Defendants were to make a set number of monthly rental payments to Plaintiff until the total value of the trailers was paid off. Plaintiff has a security interest in the trailers until this time is reached. EFA 2136965 ¶ 3, EFA 2138127 ¶ 3, &

/////

/////

EFA 2140512 ¶ 3[2]. Plaintiffs put forth evidence Defendants came into possession of the trailers by virtue of the parties' agreement and that Defendants are presently more than $266,000 behind in their payments. Noon Decl. ¶¶16, 18, & 20; *see also* Noon Decl. Ex. 11 at Ct. R. 52, Ex. 12 at Ct. R. 55 & 13 at Ct. R. 58. In light of the above, Plaintiff has made a sufficient showing, at least for purposes of this application for a writ of possession, that Defendants have wrongfully detained the trailers.

### 3. Particular Description of Property and Statement of its Value

Plaintiff provides identification numbers of the trailers in it its Writ Application. Doc. 6 ¶ 4. These numbers match the identification numbers given in sales slips attached to the three EFAs. Doc. 2 at Ct. R. 15, 24 & 32. Noon states in his declaration that Plaintiff retained an appraiser to assess the value of the trailers. Noon Decl. ¶ 27. He also states that the six trailers had an appraised total market value of $90,000 to $135,000, depending on their current condition. *Id.* Thus, Plaintiff has provided a particular description of the properties and a statement of their value.

### 4. Probable Cause Regarding Location

Plaintiff states that the trailers are located at one of two private places: either 6907 Wild Rogue Court or 7417 Sutter Mill Street in Bakersfield, California. Writ Appl. ¶ 6. Noon states in his declaration that the Wild Rogue address is Blujay's business address, as recorded with the California Secretary of State. Noon Decl. ¶ 28, Ex. 14 at Ct. R. 60. Noon has also provided as an exhibit to his declaration a copy of a redacted check, drafted on Blujay's Wells Fargo account that reflects this business address. Noon Decl. ¶ 28, Ex. 15 at Ct. R. 62. Finally, this is also Blujay's last known address and the location where defendant Bhangoo, Blujay's president, was served with process in this action. Doc. 10. Because Blujay assumed the obligations on the EFAs, Noon states in his declaration his belief that the trailers are likely to be found here. Noon Decl. ¶ 28. In the alternative, Plaintiff believes that

---

[2] The copies of the EFAs provided by Plaintiff as attachments to its Complaint (as well as the copies provided as attachments to Noon's Declaration) are of very poor quality and difficult to read. Nevertheless, the Court can make out from those documents that Plaintiff retained a security interest in the trailers.

trailers are likely to be found at the Sutter Mill address, because that is Defendant Singh's personal address, as represented in all three of the EFAs. *Id.*; *see also* EFA 2136965, EFA 2138127, & EFA 2140512. Moreover, and as confirmed at the hearing, it is also the location at which defendant Singh was served in this action. Doc. 11. Based on these facts, the Court finds that Plaintiff has shown probable cause to believe that the trailers are located at one of two aforementioned addresses. *See United States v. Hillyard*, 677 F.2d 1336, 1339 (9th Cir. 1982) ("When property to be seized is being moved from place to place, it may be reasonable to issue warrants directed to multiple locations, and officers need not confine themselves to chance by choosing only one location for a search.").

### 5. Statement that Property Has Not Been Seized

In addition, Noon states in his declaration that the trailers have not been taken for a tax, assessment, or fine pursuant to statute; or seized under an execution against the property of Plaintiff. Noon Decl. ¶ 30.

### B. Requirements under Cal. Civ. Proc. Code § 512.060

As outlined above, California Civil Procedure Code § 512.060 sets forth additional requirements before the writ may issue. Two of the three requirements under this section are duplicative of requirements under § 512.010—Plaintiff's establishment of the probable validity of its claim to possession of the property and its showing of probable cause that the property at issue is located at the private place to be entered to seize the property. Cal. Civ. Proc. Code § 512.060(a)(1), (b). For the reasons discussed above, Plaintiff has already established the probable validity of its claim to possession of the trailers, as well as probable cause to believe that the trailers are located at either of the two above-mentioned addresses.

Therefore, the only issue remaining is whether the undertaking requirements of California Civil Procedure Code § 515.010 have been satisfied. Cal. Civ. Proc. Code § 512.060(a)(2). Section 515.010 requires plaintiff to file an undertaking in an amount of not less than twice the value of the defendant's interest in the property. "The value of the defendant's interest in the property is determined by the

market value of the property less the amount due and owing on any conditional sales contract or security agreement and all liens and encumbrances on the property, and any other factors necessary to determine the defendant's interest in the property." Cal. Civ. Proc. Code § 512.010(a). Here, Plaintiffs provide evidence that the market value of the trailers (somewhere between $90,000 and $135,000) is less than the amount owed to them (approximately $266,106). Mem. of P. & A. in Supp. of Appl. for Writ of Possession ("Writ Mem."), Doc. 6-2, at 5-6. Therefore, they argue that they should not have to post an undertaking. *Id.* Based on the record before the court in connection with the pending motion, it appears that Defendants do not have a positive interest in the trailers and that Plaintiff, therefore, should not be required to furnish an undertaking.

Plaintiff also requests that Defendants post a redelivery bond should Defendants wish to keep and maintain possession of the trailers. *Id.* The Court also agrees with Plaintiff that an undertaking is appropriate should Defendants wish to retain custody of the trailers. Plaintiff's motion asks that the undertaking be set at $282,649.01. Writ Mem. at 9. However, in Noon's Declaration, he states that Plaintiff seeks a bond of $150,000. At the May 5, 2016 hearing, counsel for Plaintiff clarified that Plaintiff is seeking a bond only in the amount of $150,000. Based on the evidence in the record, Defendants are indebted to Plaintiff for at least that much. Therefore, the Court finds that a $150,000 undertaking is appropriate.

### V. CONCLUSION AND ORDER

For the reasons discussed above, the Court ORDERS that:

1. Plaintiff's application for a writ of possession under California Civil Procedure Code § 512.010 (Doc. 6) is GRANTED.

2. The Clerk of Court shall immediately issue a writ of possession directing the Sheriff of Kern County, California (or any other sheriff or marshal within whose jurisdiction the property is located), as the levying officer, to levy on and seize the trailers, described in particularity in paragraph 4 of Plaintiff's application for writ of possession (Doc. 6), pursuant to California Civil Procedure Code §

514.010.  The levying officer shall retain the trailers in custody until released or sold pursuant to California Civil Procedure Code § 514.030. The levying officer shall further comply with all applicable requirements of California Civil Procedure Code §§ 514.010–514.050.

       3. The Clerk of Court is directed to attach a copy of this order to the writ of possession.

       4. The Court finds that Plaintiff has shown probable cause to believe that the trailers are located at either defendant Blujay's/Bhangoo's address or Singh's addresses.  Accordingly, when levying the writ of possession, the levying officer may enter the premises of 6907 Wild Rogue Court, Bakersfield, California, 93313 and/or 7417 Sutter Mill Street, Bakersfield California, 93313 for purposes of seizing any or all of the trailers.

       5.  If any or all of the trailers cannot be found at the foregoing address, plaintiff may apply ex parte in writing to this court for an endorsement on the writ directing the levying officer to seize the property at any other private place not specified in the writ, in accordance with California Civil Procedure Code § 512.090.

       6. Pursuant to California Civil Procedure Code § 512.070, Defendants are further directed to transfer possession of the trailers to Plaintiff.  Defendants are cautioned that failure to turn over possession of the trailers to Plaintiff may subject Defendants to being held in contempt of court.

       7. Defendants are informed that they may prevent levy of the writ of possession, or obtain redelivery of the trailers after levy of the writ of possession, if they file an undertaking pursuant to California Civil Procedure Code § 515.020 in the amount of $150,000.

IT IS SO ORDERED.

Dated:   **May 5, 2016**                                   _____
                                                                              UNITED STATES DISTRICT JUDGE