UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASCENTIUM CAPITAL, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GURMINDER SINGH, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00356 LJO  JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 27) |

Ascentium Capital, LLC seeks default judgment against the defendants. (Doc. 27)  The defendants have not opposed this motion.  For the following reasons, the Court recommends Plaintiff's motion for default judgment be **GRANTED**.

**I.　　Background[1]**

In this action, the plaintiff alleges that on July 1, 2014, the plaintiff loaned money to Gurminder Singh allow him to purchase two utility trailers.  (Doc. 2 at 3)  Singh agreed to repay the loan by making 60 monthly payments.  Id.  The parties executed a written finance agreement to memorialize their transaction.  (Doc. 2 at 13-15)

On May 15, 2015, Singh assigned the finance agreement to Blujay Transport Inc. (Doc. 2 at 4, 17-19) However, the assignment required that Singh remain liable under the original finance

---

[1] The factual assertions of the plaintiff are taken as true because default has been entered against the defendants.  See Pope v. United States, 323 U.S. 1, 22 (1944).

1

agreement. (Doc. 2 at 17) On behalf of Blujay, Jaswinder Bhangoo personally guaranteed repayment of the amount owed under the assigned finance agreement. (Doc. 2 at 4, 20) Despite the plaintiff's performance under the contract, Singh, Blujay and Bhangoo failed to make the payments after June 2015. (Doc. 2 at 3, 4) Though the plaintiff demanded repayment, Singh, Blujay and Bhangoo have failed to comply. Id. Thus, they owe the plaintiff $84,336.48 plus interest and late payment charges. Id. at 3-4.

On September 1, 2014, the plaintiff again made a loan to Singh to purchase two more utility trailers. (Doc. 2 at 5) Once again, the parties entered into a written finance agreement in which Singh agreed to repay the loan in 60 monthly installments. Id. at 5, 22-24. In May 2015, Singh assigned this loan to Blujay. Id. at 5, 26-27. Again, Singh remained liable for compliance with the finance agreement according to the assignment agreement. Id. at 26-27. As in the other loan, Bhangoo agreed to guarantee the loan personally. Id. at 6, 29.

Despite the plaintiff's performance under the contract, Singh, Blujay and Bhangoo failed to make the payments after June 2015. (Doc. 2 at 5, 6) Though the plaintiff demanded repayment, Singh, Blujay and Bhangoo have failed to comply. Id. Thus, they owe the plaintiff $94,733.52 plus interest and late payment charges. Id.

Again on November 1, 2014, the plaintiff made a loan to Singh to purchase two more utility trailers. (Doc. 2 at 6, 31-32) This loan also required him to repay the amount in 60 monthly payments. Id. at 6-7, 31-32. Singh also assigned this loan to Blujay whose obligations under the assignment were guaranteed by Bhangoo. Id. at 7, 8, 34-35, 37. Under the terms of the assignment, Singh remained responsible for repayment of the loan. Id. at 34-35. The defendants failed to repay this loan despite the plaintiff's performance under the agreement and despite demands for repayment. Id. Thus, they owe the plaintiff $94,733.52 plus interest and late payment charges. Id.

In addition to repayment of the loans, in this action, the plaintiff seeks to recover possession of the trailers based upon liens it placed on the trailers in connection with the finance agreements. (Doc. 2 at 8, 39-44) Despite that the plaintiff have demanded the defendants to turn over the trailers, they have failed to do so. Id. at 8-9. Thus, the plaintiff claims also that the defendants have wrongfully converted the trailers and, as a result, the plaintiff is entitled to the fair market value of the trailers in the amount

of $135,000. Id. at 9.

## II. Legal Standards Governing Entry of Default Judgment

The Federal Rules of Civil Procedure govern the entry of default judgment. After default is entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed. R. Civ. P. 55(a)-(b). Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true, but allegations regarding the amount of damages must be proven. Pope v. United States, 323 U.S. 1, 22 (1944); see also Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Entry of default judgment is within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment. Pepsico, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002), accord Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As a general rule, the issuance of default judgment is disfavored. *Id.* at 1472.

## III. Discussion and Analysis

Applying the factors articulated by the Ninth Circuit in Eitel, the Court finds the factors weigh in favor of granting Plaintiff's motion for default judgment.

### A. Prejudice to Plaintiff

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See Pepsico, Inc., 238 F. Supp. 2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages. Id.; Moroccanoil, Inc. v.

Allstate Beauty Prods., 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012). Therefore, the Court finds the plaintiff would be prejudiced if default judgment is not granted.

### B. Merits of the plaintiff's claims and the sufficiency of the complaint

Given the relationship between these factors, the Court considers the merits of the plaintiff's substantive claims and the sufficiency of the complaint together. See Premier Pool Mgmt. Corp. v. Lusk, 2012 U.S. Dist. LEXIS 63350, at *13 (E.D. Cal. May 4, 2012). The Ninth Circuit has indicated that, when combined, these factors require a plaintiff to "state a claim on which the plaintiff may recover." Pepsico, Inc., 238 F. Supp. 2d at 1175. Notably a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir.2007).

#### 1. Breach of contract

To demonstrate a breach of contract, the plaintiff must prove the existence of a contract, breach, damages and that the plaintiff performed under the contract. Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011). In its complaint, the plaintiff has demonstrated the existence of three financing contracts between it and Singh and three assignments of the finance agreements to Blujay. (Doc. 2 at 3-4, 5-6, 7-8) In addition, the plaintiff alleges that Singh and Blujay failed to make payments on the contracts. Id. The complaint shows also that the plaintiff performed under the contracts. Id. Finally, the plaintiff has alleged it suffered losses of $84,336.48 plus interest and late charges in the amount of $1,581.30 on the first contract and $94,733.52 plus interest and late charges of $1,671.75 on the last two contracts. Id. Thus, the plaintiff has established the elements for breaches of contract.

#### 2. Breach of guaranty

To establish the breach of a guaranty, the plaintiff must show the same elements as with a breach of contract. Oasis, at 821. The plaintiff alleged that as to each finance agreement, Bhangoo agreed to act as a personal guarantor as to the assigned contract. (Doc. 2 at 4, 6, 7-8) The plaintiff attaches to his complaint copies of each guaranty signed by Bhangoo. Id. 20, 29, 37. As to each, the plaintiff alleges it performed under the contracts but the defendants failed to make the repayments. (Doc. 2 at 4, 6, 7-8) Therefore, the plaintiff has demonstrated the elements for breaches of the guarantees.

### 3. Claim for delivery of personal property

To establish a "claim and delivery of personal property" the plaintiff must show that it is entitled to possession of the property, that the property is wrongfully detained by the defendants, demonstrate a description and value of the property, where the property is located and that the property has not been taken for a tax, assessment or fine. (Cal. Civ. Code Proc. § 512.010(b))

The complaint shows the plaintiff is entitled to possession of the property due to the failure of the defendants to comply with the terms of the lease agreement and the lease extension. (Doc. 2 at 3-8) This demonstrates also that the defendants have wrongfully retained the property. The complaint also demonstrates the value of the equipment and that the equipment remains in the possession of the defendants. Id. Thus, the plaintiff has adequately stated a cause of action and the claim has merit.

In addition, the Court has already issued writs for possession in favor of the plaintiff but the U.S. Marshal has been unable to locate the property and the defendants have ignored demands by the Marshal to return the property. (Doc. 27-1 at 8-9) Consequently, the plaintiff has demonstrated a cause of action under "claim for delivery of personal property."

### 4. Claim for conversion

To establish conversion, a plaintiff must show: (1) plaintiffs' ownership or right to possession of the property at the time of the conversion; (2) defendants' conversion by a wrongful act or disposition of plaintiffs' property rights; and (3) damages. Tyrone Pac. Intern., Inc. v. MV Eurychili, 658 F.2d 664, 666 (9th Cir.1981). The plaintiff seeks to dismiss the conversion claim because it will duplicate the recovery sought on the contract claims.

**C. Sum of money at stake**

In general, the Court "must consider the amount of money at stake in relation to the seriousness of Defendants' conduct." Pepsico, Inc., 238 F.Supp.2d at 1176. Thus, the Court must "assess whether the recovery sought is proportional to the harm caused by [a] defendant's conduct." Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010).

Here, the amount of money at issue is $281,379.10. (Doc. 27-1 at 10) This amount is comprised of the principal, late fees and attorneys' fees and costs. The Court finds this amount is proportional to the harm caused by the defendants' conduct and, therefore, this factor does not weigh against entry of

default judgment.

### D. Possibility of dispute concerning material facts

There is little possibility of dispute concerning material facts because: (1) based on the entry of default, the Court accepts allegations in Plaintiff's Complaint as true and, (2) though properly served (Docs. 10-12), the defendants failed to appear. See Pepsico, Inc., 238 F.Supp.2d at 1177; see also Elektra Entm't Group, Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"). Therefore, this factor does not weigh against default judgment.

### E. Whether default was due to excusable neglect

Generally, the Court will consider whether the defendants' failure to answer is due to excusable neglect. See Eitel, 782 F.2d at 1472. The defendants were served with the summons and complaint in this action and failed to respond. (Docs. 10-12) It is unlikely that the defendants' actions were the result of excusable neglect. See Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) [finding no excusable neglect where the defendants were served and failed to respond]. This factor does not weigh against default judgment.

### F. Policy disfavoring default judgment

As noted above, default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. In this case, the policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits does not weigh against default judgment because the defendants' failure to appear and defend in this action makes a decision on the merits impractical.

## IV. Damages/Possession of personal property

Plaintiff seeks to recover $281,379.10. (Doc. 27-1 at 10) This amount is comprised of the principal, late fees and attorneys' fees and costs.

1. Recovery of the principal

Under the finance agreements, the principal sums were $84,336.48 on the first contract and $94,733.52 on the other two. (Doc. 2 at 9-10) The parties anticipated payment of these amounts at the

time of the formation of the contract and should be recovered.

        2.      <u>Recovery of late fees</u>

In <u>Greentree Fin. Grp., Inc. v. Execute Sports, Inc.</u>, 163 Cal.App.4th 495, 500 (2008), as modified (May 28, 2008), the Court held, "If the sum extracted from the borrower is designed to exceed substantially the damages suffered by the lender, the provision for the additional sum, whatever its label, is an invalid attempt to impose a penalty inasmuch as its primary purpose is to compel prompt payment through the threat of imposition of charges bearing little or no relationship to the amount of the actual loss incurred by the lender." The <u>Greentree</u> court quoted <u>Garrett v. Coast & Southern Fed. Sav. & Loan Assn</u>, 9 Cal.3d 731, 739–740 (1973) which held that late charges may not be recovered if the late charge is, in fact, a penalty. Rather, the late charge must bear a "reasonable relationship to the range of actual damages that the parties could have anticipated would flow from a breach." (<u>Ridgley v. Topa Thrift & Loan Assn.</u>, 17 Cal.4th 970, 977 (1998).

The complaint fails to detail how the late charges are calculated and the declaration of Jerry Noon fails to explain whether the late charges are related to Ascentium's costs incurred as a result of the defendant's conduct. Due to the the poor quality of the copy of the agreements provided, the Court is unable to make out how the late charges are calculated. (Doc. 2 at 13, 22) Thus, the plaintiff has failed to submit proper evidence to support the imposition of the late fees and, therefore, they should be denied.

        3.      <u>Recovery of attorney's fees and costs</u>

The complaint asserts that the finance agreements and the guarantees entitle the plaintiff to an award of attorney's fees and costs. However, the agreements attached to the complaint and to the declaration of Mr. Noon are poor quality and the Court cannot make out whether they provide for an award of attorney's fees. Thus, the request for the award of fees and costs should be denied without prejudice to the plaintiff bringing a separate motion after the issuance of a judgment in its favor.

        4.      <u>Recovery of personal property</u>

The plaintiff has a lien on each of the utility trailers at issue and seeks to recover them. (Doc. 27-1 at 9) The plaintiff seeks to recover, "two 2007 Utility Trailers, S/N 1UYVS253X7U032909 and 1UYVS25327U032922," "two 2007 Utility Trailers, S/Ns 1UYVS25397U032903 and

1UYVS25317U032927," and "two 2007 Utility Trailers, S/Ns 1UYVS25327U033424 and 1UYVS25327U033410."  (Doc. 27-1 at 4, 5-6)  The plaintiff is entitled to recover this personal property.

## VIII. Findings and Recommendations

The <u>Eitel</u> factors weigh in favor of granting default judgment, and the entry of default judgment is within the discretion of the Court.  See <u>Aldabe</u>, 616 F.2d at 1092.  Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's application for default judgment (Doc. 27) be **GRANTED**;
2. That the Court **GRANT** judgment in the amount of $265,988.35 in favor of the plaintiff and against the defendants jointly and severally;
3. That the Court **DENY** the request for the award of late fees based upon a lack of evidence;
4. That the Court **DENY WITHOUT PREJUDICE** the request for the award of attorney's fees and costs based upon a lack of evidence;
5. That the Court **GRANT** plaintiff's claim and delivery and for possession of the following property:

   "two 2007 Utility Trailers, S/N 1UYVS253X7U032909 and 1UYVS25327U032922," "two 2007 Utility Trailers, S/Ns 1UYVS25397U032903 and 1UYVS25317U032927," and "two 2007 Utility Trailers, S/Ns 1UYVS25327U033424 and 1UYVS25327U033410."

5. That the Court enter judgment in favor of Ascentium Capital, LLC and against Gurminder Singh, Jaswinder Bhangoo and Blujay Transport Inc, jointly and severally.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days of the date of service of these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The parties are advised that failure to file objections within the specified time may waive the

right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991); <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 9, 2016**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE